IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Braxton Avery,<br><br>                                    Plaintiff,<br><br>vs.<br><br>E&M Services, LLC and John Does 1-25,<br><br>    Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>Equinor US as successor in interest to Statoil Inc.,<br><br>    Third-Party Defendant and Fourth-Party Plaintiff,<br><br>vs.<br><br>Eklipse Resources, LLC, and United Specialty Insurance Company,<br><br>                         Fourth-Party Defendants. | Case No. 1:18-cv-00258 |

### ORDER GRANTING EQUINOR ENERGY LP'S MOTION TO TAX EKLIPSE RESOURCES, LLC AND UNITED SPECIALTY INSURANCE COMPANY WITH ATTORNEY'S FEES AND COSTS

### INTRODUCTION

[¶1]   THIS MATTER comes before the Court on Third-Party Defendant and Fourth Party Plaintiff Equinor Energy LP's ("Equinor") Motion to Tax Eklipse Resources, LLC ("Eklipse"), and United Specialty Insurance Company ("USIC") with Attorney's Fees and Costs filed on January 27, 2023. Doc. No. 196. Fourth-Party Defendant Eklipse filed a Response on

February 17, 2023. Doc. No. 204. Fourth-Party Defendant USIC filed a Response on February 17, 2023. Doc. No. 205. Equinor filed a Reply on March 2, 2023. Doc. No. 207. For the reasons set forth below, Equinor's Motion is **GRANTED**.

## BACKGROUND

[¶2]     On February 2, 2023, the Court entered an Order on competing Motions for Summary Judgment. Relevant to the present dispute, the Court found "the Eklipse/Equinor MSA expressly required Eklipse to defend and indemnify Equinor and E&M [Services, LLC] from and against 'all Claims of every kind of character, without limit and without regard to the cause o[r] causes thereof[.] . . .'" Doc. No. 149 at ¶ 71 (quoting Doc. No. 21-2, § 12.1). The Court further held USIC must provide Eklipse coverage for Eklipse's duty to defend and indemnify Equinor for this suit. Id. at ¶¶ 58-72. In concluding, the Court ordered, "Eklipse, through USIC, must reimburse Equinor and E&M for the costs associated with defending this suit, including reasonable attorney's fees." Id. at ¶ 72. To facilitate the reimbursement, Equinor and E&M were to submit "an accounting of the total reasonable costs associated with defending this suit, including an accounting of reasonable attorney's fees expended in the defense of this case." Id.

[¶3]     Prior to the conclusion of this case, Equinor moved for an order compelling Eklipse and USIC to defend Equinor and E&M for the remainder of the case. Doc. No. 181. The Court denied that motion, finding the conclusion in its Order on the Motions for Summary Judgment required reimbursement of reasonable attorney's fees at the conclusion of the case. Doc. No. 190. Equinor submitted its bill, totaling $312,992.80. Doc. Nos. 198, 200, 208. Eklipse and USIC dispute this amount. Doc. Nos. 204, 205.

## **DISCUSSION**

[¶4]    Equinor submitted its request for reasonable attorney's fees and costs in this case. Equinor argues the attorney's fees are (1) required by the Court's prior order; (2) recoverable under the MSA's defend and indemnify clause ("indemnification clause") (Doc. No. 21-2, § 12.1) as interpreted under Texas law; and (3) recoverable under Texas Civ. Prac. & Rem. § 38.001(8). Even if the attorney's fees for pursuing its claim against Eklipse to defend and indemnify under the MSA are not recoverable under the MSA, Equinor argues those fees are so intertwined with its defense of the case as to be justified under Texas law. Equinor also contends the total requested attorney's fees are reasonable under the circumstances.

[¶5]    Eklipse argues it is not required to reimburse Equinor because USIC is to provide coverage to Eklipse for any defense and indemnity obligations owed under the MSA. Eklipse further argues Equinor's costs incurred in the enforcement of the indemnity and defense obligations are not recoverable because they were not incurred defending against Plaintiff's claims. Eklipse next contends Equinor is not entitled to attorney's fees under Texas Civ. Prac. & Rem. § 38.001(8) because Equinor has not prevailed on a breach of contract claim against Eklipse. Finally, Eklipse avers Equinor's claimed attorney's fees are unreasonable because Equinor is not entitled to the fees it incurred in enforcing its right to defense and indemnification.

[¶6]    USIC re-argues the Eklipse-USIC policy does not cover Eklipse's contractual indemnification obligation owed to Equinor for Equinor's fees and costs.[1] USIC also argues it does not owe an obligation to Equinor to pay for its fees and costs. USIC contends Section 38.001(8), Texas Civ. Prac. & Rem., does not permit Equinor to claim attorneys fees because it has not

---

[1] USIC makes this argument "to preserve appellate rights" as to this issue. The Court will not address this matter because it has decided this issue and will not reconsider it under the circumstances.

prevailed on a breach of contract claim. Finally, USIC avers Equinor has not segregated its fees and costs related to the enforcement of the indemnity clause, which USIC contends are not recoverable.

### I. Equinor's Attorney's Fees are Recoverable under the Indemnification Clause of the MSA with Eklipse

[¶7] Equinor claims all of its attorney's fees and costs, including those for enforcement of the indemnity clause, are recoverable under the MSA. Eklipse and USIC dispute this, arguing the Court's prior order foreclosed Equinor's for claim attorney's fees as it relates to the litigation surrounding the indemnification issue. They also argue Texas law does not permit recovery under the plain language of the MSA. The Court agrees with Equinor.

[¶8] Equinor is entitled to recover all of its attorney's fees in this litigation, including those for enforcing their rights under the indemnity clause. This conclusion is supported by Texas law.[2] The Court previously found Texas law permitted the recovery of attorneys fees under the indemnification clause at issue in this case. See Doc. No. 149, ¶ 71 (citing Monical & Powell, Inc. v. Bechtel Corp., 404 S.W.2d 911, 915 (Tex. Civ. App. 1966), writ refused NRE (Nov. 9, 1966) ("When the indemnitor has agreed to save and hold harmless the indemnitee from liability for any and all claims and damages of every kind attributed directly or indirectly to his operation under the contract, the indemnitee may have recovery over and against the indemnitor for all reasonable expenses incurred in defending or settling the claim asserted against him.")).

[¶9] Whether the MSA provides coverage for attorney's fees relating the litigation surrounding the enforcement of the indemnification clause was not expressly addressed in the Court's prior orders. The Court now makes explicit what it believes was implicit in those prior orders: Eklipse

---

[2] The Court previously found Texas law applied to the contractual disputes, including the duties to defend and indemnify. Doc. No. 149, ¶¶ 19-20.

must pay Equinor's reasonable attorneys fees incurred by Equinor during this entire litigation, including the fees associated with enforcing the indemnification clause against Eklipse.

[¶10] Under Texas law, indemnification agreements generally "secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forbearance on the part of one of the parties or of some third person." Dresser Indus. V. Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993). The coverage at issue in this case is for "all claims" without regard to the character of the claim. Doc. No. 21-2, § 12.1. The coverage is also without regard to the type of cause of action. Id. There is nothing in the indemnity agreement that precludes recovery of the attorney's fees at issue here and it expressly covers all claims without limit and without regard to the nature of the claim. By its own broad terms, this must include attorney's fees for a claim for enforcement of indemnity clause (Doc. No. 21-2, § 12.1).

[¶11] This conclusion is supported by Texas case law. In Hammond v. Travelers Indem. Co., there was a dispute over cover under an indemnification clause and whether the clause covered attorney's fees incurred in enforcing the agreement. 553 S.W.2d 205, 206 (Tex. App.-Houston 1977). As noted by the court in Hammond, "[[a]ppellant agreed to indemnify appellee for 'all legal and other costs, counsel fees and expenses which the Company shall at any time sustain, directly or indirectly, by reason or in consequence of such suretyship.'" Id. The court concluded "this language [was] broad enough in scope to clearly allow for the recovery of attorney's fees expended in enforcing the indemnity agreement." Id.

[¶12] The same is true in this case. The language of the indemnity agreement at issue here expressly required Eklipse to defend and indemnify Equinor "from and against 'all Claims of every kind of character, without limit and without regard to the cause o[r] causes thereof[.] . . .'" Doc. No. 149 at ¶ 71 (quoting Doc. No. 21-2, § 12.1). As discussed above, this provides sufficiently

broad coverage to include Equinor's attorney's fees incurred in its enforcement of the indemnity clause with Eklipse. See Hammond, 553 S.W.2d at 206. Accordingly, Eklipse is contractually required to pay for Equinor's attorney's fees and costs associated with this litigation, including for Equinor's action to enforce the indemnity clause against Eklipse.[3]

## II.     Equinor's Attorney's Fees are Reasonable and Segregation Is Not Required

[¶13]   Equinor argues the attorney's fees and costs it seeks are reasonable under the lodestar analysis. Equinor has provided detailed billing of its attorney's fees and costs. Doc. Nos. 199, 200. Those fees and costs total $312,992.80. See Doc. Nos. 198, 200, 208. Eklipse and USIC both argue Equinor's request is unreasonable because it includes non-recoverable fees and costs for litigating the enforcement of the indemnity clause which have not been segregated for review.

[¶14]   The only dispute regarding the reasonableness of the amount of fees and costs is essentially whether the fees and costs associated with enforcing the indemnity clause are recoverable. The Court has decided Eklipse is contractually obligated to pay those fees and costs.[4] Accordingly, the Court finds the requested attorney's fees and costs are reasonable under the circumstances.[5]

---

[3] There is also a dispute over the applicability of Texas Civ. Prac. & Rem. § 38.001(8). Because the Court concludes the indemnity clause provides coverage for the attorney's fees associated with enforcing the indemnity clause, the Court does not need to decide whether those attorney's fees are awardable under Section 38.001(8), Texas Civ. Prac. & Rem.

[4] The Court notes Eklipse was contractually obligated to defend and indemnify Equinor from the beginning. Eklipse chose to fight that requirement. As a result, Eklipse is contractually obligated to pay Equinor's legal expenses for this case. Had Eklipse abided by the terms of its agreement with Equinor, Eklipse could have controlled the litigation on behalf of Equinor from the start. Eklipse chose not to and now must pay Equinor's bills.

[5] The Court does not believe the lodestar method of determining reasonableness governs the amount of attorney's fees sought by Equinor because the dispute does not involve an award of attorney's fees, but the attorney's fees Eklipse is contractually obligated to pay Equinor. See Fairways Offshore Exploration, Inc. v. Patterson, 355 S.W.3d 296, 301 (Tex. 2011) ("[T]he attorney's fees awarded by the trial court to Patterson and Cudd represent recoverable out-of-pocket losses that they incurred in prosecuting their breach of contract claims against Fairways."); Vines v. Welspun Pipes Inc., 9 F.4th 849, 856 (8th Cir. 2021) (in deciding an amount of attorney's fees to award, "the district court must calculate the lodestar."). This is a contract dispute with a

Segregation of the fees is, therefore, unnecessary because Equinor is entitled to reimbursement of all of its attorney's fees.

### III. Taxation of Attorney's Fees and Costs

[¶15] Finally, USIC argues it is not required to pay Equinor because it was not a party to the MSA between Equinor and Eklipse. Equinor argues the Court has decided this issue in its order on the Motions for Summary Judgment (Doc. No. 149). The Court agrees with Equinor.

[¶16] Ultimately, the Court does not need to decide how Equinor gets paid. Whether USIC issues Equinor a check directly or whether Eklipse pays Equinor and USIC reimburses Eklipse is of no consequence to the Court. The Court previously ordered: "Eklipse, through USIC, must reimburse Equinor and E&M for the costs associated with defending this suit, including reasonable attorneys' fees." Doc. Nos. 149 at ¶ 72, 190 at ¶ 4. Nothing in the present briefing changes this conclusion. To ensure Equinor is paid pursuant to the Court's Order, the total amount of attorney's fees shall be taxed against both Eklipse and USIC.

### CONCLUSION

[¶17]  Accordingly, for the reasons set forth above, Equinor's Motion to Tax Eklipse Resources, LLC and United Specialty Insurance Company with Attorney's Fees and Costs is **GRANTED**. Attorney's fees and costs totaling $312,992.80 shall be taxed against Eklipse and USIC.

[¶18] **IT IS SO ORDERED.**

DATED May 30, 2023.

Daniel M. Traynor, District Judge
United States District Court

---

discernable amount of attorney's fees that are a direct result of Eklipse's refusal to defend and indemnify Equinor in this case. See Fairways Offshore, 355 S.W.2d at 301 ("We conclude that these [attorney's] fees, which the trial awarded to Patterson and Cudd to compensate them for the amount of money that they expended to obtain relief against Fairways, fit within the common meaning of 'compensatory damages.'").