IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Braxton Avery,<br><br>          Plaintiff,<br><br>vs.<br><br>E&M Services, LLC and John Does 1-25,<br><br>  Defendant and Third-Party Plaintiff,<br><br>vs.<br><br>Equinor US as successor in interest to Statoil Inc.,<br>    Third-Party Defendant and Fourth-Party Plaintiff,<br><br>vs.<br><br>Eklipse Resources, LLC, and United Specialty Insurance Company,<br><br>       Fourth-Party Defendant. | Case No. 1:18-cv-00258 |

### ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL

[¶1] THIS MATTER comes before the Court on a Motion for Leave to File Under Seal filed by Defendant and Third-Party Plaintiff E&M Services, Inc. ("E&M") on August 3, 2023. Doc. N0. 230. To date, no response has been filed. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

[¶2] On July 6, 2023, the Parties to this case entered an "Amended Stipulated Confidentiality Agreement," which purports to govern the filing of documents the Parties have deemed "confidential" and not subject to public disclosure. Doc. No. 215. Two documents discussed in

that agreement are subject to the current motion attached as Exhibits A and B. The Motion for Leave to File Under Seal describes them as follows:

> Exhibit A: The Loan Receipt executed by E&M's President and CEO, Mr. Joe Erickson, acknowledging receipt of a loan amount from USIC for E&M 1) to settle or otherwise resolve Plaintiff's claims asserted against E&M in the lawsuit, and 2) to pay fees, costs, expenses and disbursements incurred as of the date of the Loan Receipt by E&M in the defense of Plaintiff's claims asserted against E&M in the lawsuit; and
>
> Exhibit B: The Agreement between E&M and USIC for USIC to loan additional monies to E&M to pay for additional reasonable fees, costs, expenses and disbursements necessarily incurred in the further defense of E&M in the lawsuit, as well as to continue pursuit of E&M's contractual defense and indemnification claim against Equinor to establish Equinor's contractual defense and indemnification duties, obligations and liabilities owed to E&M because of plaintiff's claims asserted against E&M in the law suit.

Doc. No. 230, p. 2

## DISCUSSION

[¶3] As grounds for sealing these two documents, E&M asserts they are subject to the Amended Stipulated Confidentiality Agreement that allegedly governs the filing of these documents in this Court. Id. at pp. 2-3. According to E&M, these documents must be filed under seal unless the Court orders otherwise.

[¶4] It is well-established the public has a common-law right of access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). While the Eighth Circuit has rejected a "strong presumption" in favor of public access, United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986), it has instructed, "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane

Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)). Therefore, the party seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter Int'l, Inc. v. Abbott Labs, 297 F.3d 544, 548 (7th Cir. 2002). Ultimately, it is the district court "who is in the best position to recognize and weigh the appropriate factors on both sides of the issue." Webbe, 791 F.2d at 107.

[¶5]    The Court has reviewed both of the documents E&M seeks to file under seal and concludes the grounds asserted are conclusory and are not compelling reasons to seal the documents. The Stipulation does not govern the Court's duty to maintain its docket as publicly as possible. The Court, however, never adopted the stipulation. Simply stating the documents are "confidential" does not qualify as the required "reasons and legal citations" to justify sealing. See Baxter Int'l, Inc., 297 F.3d at 548. In fact, there is no legal authority cited in the briefing on this matter. The Court will not aimlessly file an entire document under seal when any proper seal "must be narrowly tailored." Shane Group, Inc., 825 F.3d 305.

[¶6]    The Court reminds the Parties the Federal Courts are public forums. The documents E&M seeks to file under seal are central to E&M's briefing on its Motion to Enter Judgment Against Third-Party Defendant and Fourth-Pary Plaintiff Equinor US (Doc. No. 220). E&M agrees these documents are important to its Reply, arguing these documents are necessary for consideration in resolving the pending Motion to Enter Judgment. Under the circumstances, the Court concludes E&M's reasons are insufficient to justify filing the proposed documents under seal. See Baxter Int'l, 297 F.3d at 545-46 (explaining an agreement to keep matters confidential and a general assertion the documents are "commercially sensitive" are insufficient grounds to overcome the presumption that court records are open to the public).

## **CONCLUSION**

[¶7]    For the reasons set forth above, the Motion for Leave to File under Seal is **DENIED**. E&M is directed to file each document publicly without restriction, subject to the requirements of Rule 5.2 of the Federal Rules of Civil Procedure.

[¶8]    **IT IS SO ORDERED.**

DATED September 26, 2023.

Daniel M. Traynor, District Judge
United States District Court