# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Braxton Avery, | |
| Plaintiff, | |
| vs. | |
| E&M Services, LLC and John Does 1-25, | |
| Defendant and Third-Party Plaintiff, | Case No. 1:18-cv-00258 |
| vs. | |
| Equinor US as successor in interest to Statoil Inc., | |
| Third-Party Defendant and Fourth-Party Plaintiff, | |
| vs. | |
| Eklipse Resources, LLC, and United Specialty Insurance Company, | |
| Fourth-Party Defendants. | |

## ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT AGAINST USIC; GRANTING MOTION FOR ENTRY OF JUDGMENT AGAINST EQUINOR, AND GRANTING MOTION FOR ADDITIONAL ATTORNEY'S FEES AND COSTS

## <u>INTRODUCTION</u>

[¶1]   THIS MATTER comes before the Court on three motions. First, Equinor Energy, LP ("Equinor") filed a Motion for Entry of Judgment under Rule 54(b) of the Federal Rules of Civil Procedure on June 22, 2023. Doc. No. 212. United Specialty Insurance Company ("USIC") filed

a Response on July 6, 2023. Doc. No. 216. Equinor did not file a Reply. For the reasons set forth below, this Motion is **GRANTED**.

[¶2]    Second, E&M Services, LLC, ("E&M") filed a Motion for Entry of Judgment under Rule 54(b) Against Equinor on July 13, 2023. Doc. No. 220. Equinor filed a Response on July 21, 2023. Doc. No. 227. E&M filed a Reply on August 4, 2023. Doc. No. 231. The Reply was subsequently corrected on October 9, 2023. Doc. No. 242. For the reasons set forth below, this Motion is **GRANTED**.

[¶3]    Third, Equinor filed a Motion for Additional Attorney's Fees and Costs on September 19, 2023. Doc. No. 235. USIC filed a Response on October 10, 2023. Doc. No. 243. Equinor filed a Reply on October 17, 2023. For the reasons set forth below, this Motion is **GRANTED**.

[¶4]    The Court will address the first and third motions together, then it will address the second motion separately.

## **DISCUSSION**

I.   **Equinor's Motions for Entry of Judgment and Additional Attorney's Fees and Costs**.

[¶5]    On May 30, 2023, the Court entered an Order to tax Eklipse Resources, LLC ("Eklipse") and USIC attorneys fees and costs totaling $312,992.80 as an award to Equinor and E&M. The Motion for Entry of Judgment has been filed to preserve the parties appellate rights as to the Court's ruling. The Parties have provided no basis for the Court to reconsider that prior ruling. Accordingly, Equinor's Motion for Entry of Judgment (Doc. No. 212) is **GRANTED**.

[¶6]    Since the Court's ruling, Equinor has filed a Motion to recover additional attorneys fees and costs in the amount of $31,032.00 that it has incurred since January 1, 2023. Doc. Nos. 235 and 244. USIC continues to dispute this amount based upon the same reasons it disputed the original award of $312,992.80. For the same reasons previously determined by the Court (Doc. No. 211), Equinor's Motion for Additional Attorney's Fees and Costs

(Doc. No. 235) is **GRANTED**.  Accordingly, judgment shall be entered awarding Equinor an amount of attorney's fees and costs totaling $344,024.80 against Eklipse and USIC.

## II.    E&M's Motion for Entry of Final Judgment Against Equinor

[¶7]    E&M moves for an entry of final judgment against Equinor, seeking an amount equal to the attorney's fees, costs, and expenses incurred to defend E&M in this action as well as the amount E&M paid to Plaintiff to settle Plaintiff's claims against E&M. As grounds, E&M claims it only sued Equinor for indemnification, not Eklipse. Doc. No. 221, p. 5.  Equinor argues the proposed judgment is inconsistent with the Court's prior rulings on summary judgment. Doc. No. 227. E&M contends the proposed judgment is consistent with the Court's prior orders because the Court granted E&M's Motion for Summary Judgment seeking defense and indemnification from Equinor. To a certain extent, the Court agrees with both parties.

[¶8]    This issue has been decided. Relevant here, the Court previously concluded:

> E&M has largely supported and adopted all of Equinor's positions in this litigation pertaining to Eklipse's indemnification, defense, and insurance coverage. However, it seeks an Order from the Court finding Equinor has a duty to defend and indemnify against Avery's claim. In its Response to E&M's Motion, Equinor maintains if the Court finds Eklipse has a duty to defend and indemnify both Equinor and E&M, it has no opposition to the Court granting E&M's Motion. Such is the case here. The Court has found Eklipse has a duty to defend and indemnify both Equinor and E&M through the Equinor/Eklipse MSA, which trumps any duty to defend and and indemnify Equinor may have for E&M. As a result of granting Equinor's Motion, the Court will likewise grant E&M's Motion.

Doc. No. 149, ¶ 69.

[¶9]    Equinor previously had no objection to the Court granting E&M's Motion for Summary Judgment against Equinor because ultimately Eklipse, through USIC, would have to pay to defend and indemnify E&M. The Court has reviewed the record and the amount proposed by E&M is reasonable under the circumstances. Accordingly, based upon the Court's prior Order granting of

summary judgment in favor of E&M against Equinor, judgment should be entered on this issue in favor of E&M against Equinor in the amount of $96,066.19[1] in costs, fees, and as well as $390,000 to settle its claims with the Plaintiff as evidenced by the loan documentation in the record. Doc. No. 239-1.

[¶10]   The Court, however, recognizes this is ultimately circular given the Court's prior rulings. The loan was issued to E&M from USIC. Doc. No. 239-1. The Court previously found Eklipse through USIC responsible for providing the defense and indemnification to both E&M and Equinor. Doc. No. 149. Putting all of this together, Eklipse, through USIC, is responsible for reimbursing Equinor and E&M for the total amount to defend and indemnify in this case, despite the fact that the judgment will appear to award E&M its costs, fees, and settlement loan from Equinor. In other words, Eklipse through USIC is still required, as a matter of law, to defend and indemnify E&M for these amounts. See Doc. No. 149. Accordingly, E&M's Motion is **GRANTED**. Accordingly, judgment will be entered in favor of E&M against Equinor in the amount of $96,066.19 for attorney's fees and $390,000 in reimbursement for the settlement E&M's dispute with the Plaintiff for a total of $486,066.19.

## CONCLUSION

[¶11]   For the foregoing reasons, Equinor's Motion for Entry of Judgment under Rule 54(b) of the Federal Rules of Civil Procedure and Motion for Additional Attorney's Fees and Costs are **GRANTED** and E&M's Motion for Entry of Judgment under Rule 54(b) Against Equinor is **GRANTED**. The Clerk of Court is directed to enter judgment awarding Equinor an amount of

---

[1] This is the number noted in briefing by E&M. Doc. No. 221, p. 3. The affidavit and billing invoices, however, indicate a total of $96,734.78 (Doc Nos. 222, 223, 224), whereas the loan documentation shows the total for fees, costs, and disbursements as $94,834.79. Because the dispute centers around whether judgment should be entered at all rather than a challenge to the actual number, the Court adopts the total for attorney's fees and costs as noted in the briefing.

attorney's fees and costs totaling $344,024.80 against Eklipse and USIC. The Clerk of Court is also directed to enter judgment in favor of E&M against Equinor in the amount of $96,066.19 for attorney's fees and $390,000 in reimbursement for the settlement E&M's dispute with the Plaintiff for a total of $486,066.19.

[¶12]   **IT IS SO ORDERED.**

DATED January 17, 2024.

Daniel M. Traynor, District Judge
United States District Court